Pedro Mendoza CARRANZA, Petitioner—Appellant,

v.

Doug WADDINGTON, Superintendent, Respondent—Appellee.

No. 05–35197.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 3, 2006.

Filed April 2, 2007.

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

Nancy D. Tenney, Esq., Corey Endo, Esq., Federal Public Defender's Office, Western District of Washington, Seattle, WA, for Petitioner–Appellant.

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

John J. Samson, Esq., Office of the Washington Attorney General, Olympia, WA, for Respondent–Appellee.

Before: T.G. NELSON, GOULD, and BEA, Circuit Judges.

## MEMORANDUM *

Pedro Mendoza Carranza appeals the district court's denial of his Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. §§ 2241 and 2254. The Washington Supreme Court affirmed Carranza's conviction of first-degree kidnaping and first-degree burglary.[1] The district court denied Carranza's request for habeas review. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253, and we affirm.

Appellant's conviction became final before the Supreme Court announced a new rule of criminal procedure in *Crawford v. Washington,* 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004). Therefore, *Crawford* is inapplicable to this case. *Whorton v. Bockting,* —— U.S. ——, 127 S.Ct. 1173, 1181–84, 167 L.Ed.2d 1 (2007). The governing precedent here is *Ohio v. Roberts,* 448 U.S. 56, 100 S.Ct. 2531, 65 L.Ed.2d 597 (1980). *See Whorton,* 127 S.Ct. at 1178. Under *Roberts,* former testimony is admissible under the Sixth Amendment upon proof that the declarant is unavailable and that the earlier testimony "bears adequate 'indicia of reliability.'" *Roberts,* 448 U.S. at 66, 100 S.Ct. 2531.

1. Because the parties are familiar with the facts and procedural history, we do not restate them here except as necessary to explain our disposition.

The Washington Supreme Court's determination that the witnesses were unavailable was not contrary to, or an unreasonable application of, applicable clearly established federal law because the government made reasonable efforts to locate the witnesses. *Roberts,* 448 U.S. at 74, 100 S.Ct. 2531 ("The lengths to which the prosecution must go to produce a witness ... is a question of reasonableness." (quoting *California v. Green,* 399 U.S. 149, 189 n. 22, 90 S.Ct. 1930, 26 L.Ed.2d 489 (1970))).

The Washington Supreme Court held that introduction of the unavailable witnesses' former testimony from the first trial, to support the charges of kidnaping and burglary in the second trial, did not offend the Confrontation Clause of the Sixth Amendment because the new evidence fell "within a firmly rooted hearsay exception" for former testimony. *State v. DeSantiago,* 149 Wash.2d 402, 68 P.3d 1065 (Wash.2003) (quoting *Roberts,* 448 U.S. at 66, 100 S.Ct. 2531). Although Federal Rule of Evidence 804(b)(1) conditions the admission of former testimony against a party on that party's "opportunity and similar motive to develop the testimony by direct, cross, or redirect examination," *Roberts* left open and unanswered such questions as whether, and to what extent, the requirements of Rule 804 are made applicable to the Confrontation Clause. *See Roberts,* 448 U.S. at 70, 100 S.Ct. 2531.

Carranza had both an opportunity to cross-examine the witnesses at the first trial on the charge of kidnaping, and a motive in the first trial to cross-examine the witnesses regarding the evidence relevant to the burglary charge (cut telephone wires, damaged door, and fallen pictures) because this evidence was also relevant to discredit Carranza's defense to kidnaping: that the victim went voluntarily. Every element of the later-charged burglary was also in issue in the kidnaping charge. *See* Wash. Rev.Code § 9A.52.020(1) (listing intent to commit a crime, unlawful entry into a building, and assault or use of a dangerous weapon as elements of first-degree burglary). Carranza was motivated to prove the telephone wires not to have been cut, the door not to have been damaged, and the pictures not to have fallen, or else to show that someone else had accomplished these acts. He was also motivated to prove there was neither assault nor use of a dangerous weapon in the kidnaping to make out his version of the story: the "victim" left with him voluntarily, rather than menaced by a dangerous weapon. Such proof would have bolstered Carranza's defense to kidnaping.

"Given the lack of [applicable] holdings from [the Supreme] Court ..., it cannot be said that the state court 'unreasonabl[y] appli[ed] clearly established Federal law.'" *Carey v. Musladin,* — U.S. —, 127 S.Ct. 649, 654, 166 L.Ed.2d 482 (2006) (quoting 28 U.S.C. § 2254(d)(1)). Therefore, the decision of the district court is

**AFFIRMED.**